FILED
4/13/2020 5:59 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Abilez

Case 5:20-cv-00646   Document 1-3   Filed 05/29/20   Page 1 of 23

CAUSE NO. **2020CI07043**

| | | |
|---|---|---|
| SAN ANTONIO AQUARIUM, LLC d/b/a | § | IN THE DISTRICT COURT OF |
| SAN ANTONIO AQUARIUM, | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | BEXAR COUNTY, TEXAS |
| v. | § | |
| | § | |
| ATAIN SPECIALTY INSURANCE | § | |
| COMPANY, | § | 57TH |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

COME NOW San Antonio Aquarium, LLC d/b/a San Antonio Aquarium (hereinafter referred to as "Plaintiff"), complaining of Atain Specialty Insurance Company (hereinafter referred to as "Atain" and/or "Defendant") and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.   Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.    Plaintiff San Antonio Aquarium, LLC d/b/a San Antonio Aquarium is a limited liability corporation in Texas.

3.    Defendant Atain Specialty Insurance Company is an insurance company engaging in the business of insurance in the State of Texas. Defendant Atain may be served with process through



Unofficial Copy

the Texas Department of Insurance, Chief Clerk Office, at P.O. Box 149104, MC 112-2A, Austin, Texas 78714-9104, with further forwarding to c/o 30833 Northwestern Highway, Suite 220, Farmington Hills, MI 48334-2582.

4.      The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5.      Plaintiff seeks monetary relief exceeding $1,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

6.      The court has jurisdiction over Defendant Atain because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.      Venue is proper in Bexar County, Texas, because the insured property giving rise to this cause of action is situated in Bexar County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.      Defendant has provided, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required pursuant to Tex.Ins. Code **§** 542A.003. Plaintiff has received a copy of such notice.

9.      All other conditions precedent to suit or payment under the policy have been satisfied by Plaintiff, excused or waived by Defendant, or Plaintiff is excused from performance due to Defendant's prior breach of the policy.

---

*Plaintiff's Original Petition*                                                                                            Page 2

Unofficial Copy

10.     Any failure that may have occurred on behalf of the Plaintiff have not prejudiced the Defendant in this case.

## VI.
## FACTS

11.     Plaintiff is the owner of property located at 6320 E. Bandera Road, San Antonio, Texas 78238 ("Property").  The Property was insured by insurance policy number CIP253601, issued by Defendant Atain (the "Policy").  Plaintiff is the owner of the Policy and the named insured under the Policy.

12.     On or about April 12, 2016, or another time when the Policy was in effect, a severe wind and hailstorm moved through the area causing substantial damage to the Property. These damages constituted a covered loss under the Policy.  After becoming aware of the damages to their Property as a result of the storm, Plaintiff made a claim (claim no. 955195) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy ("Claim"). After Plaintiff made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

13.     Defendant Atain retained an adjuster with NCA Group to investigate the claim on their behalf. Defendant's adjuster overlooked numerous areas of covered losses which led to the gross undervaluation of the Claim. Specifically, Defendant's adjuster failed to incorporate the full extent of storm-caused damages in order to undermine the loss and avoid full payment as owed under the Policy.

14.     This estimate Defendant relied on was a misrepresentation of the covered losses and the damages owed to Plaintiff under the Policy.

Unofficial Copy

15.     On approximately August 4, 2016, Defendant issued a payment letter to Plaintiff based off its adjuster's estimate. This letter failed to include any proper explanation of the reasons for Defendant's underpayment on the Claim. Defendant failed to explain their reasons for its partial denial of Plaintiff's Claim.

16.     The partial denial of Plaintiff's Claim was based on Defendant's improper investigation and misrepresentation of the full extent of covered losses. The covered losses at the Property were, or should have been, known to Defendant from the outset of their investigation but were intentionally ignored in order to avoid full liability and payment under the Policy.

17.     To date, Defendant has refused to make full payment as owed on the Claim.

18.     Plaintiff continues to suffer as a result of Defendant's delays and wrongful Claim denial.

19.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct any investigation or provide any estimates to Plaintiff, and misrepresented to Plaintiff about the coverage of the Policy. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

20.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and failed to commence a proper investigation of the Claim. This resulted in Defendant's delayed completion of the investigation of the Claim. Defendant failed to use qualified adjusters and inspectors to conduct investigations of the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

Unofficial Copy

21.     Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

22.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.   Defendant continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

23.     Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

24.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.   Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

Unofficial Copy

25.     Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information.   Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

26.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

27.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

29.     Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT ATAIN

---

Unofficial Copy

30.     Defendant Atain is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

31.     Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

**A.      Breach of Contract.**

32.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Atain.  Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

33.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE **§**541.151.

34.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE **§**541.060(1).

35.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and

---

Unofficial Copy

an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

36.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

37.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

38.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

39.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

**C.     Prompt Payment Of Claims Violations.**

40.     The Claim is a claim under an insurance policy with Defendant Atain of which Plaintiff gave Defendant notice.   Defendant is liable for the Claim.   Defendant violated the prompt

---

Unofficial Copy

payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiff's Claim within a reasonable time and manner. Defendant delayed proper investigation of this Claim and continued to conduct inadequate analysis of the Claim.;

    b)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiff with a proper explanation of their Claim decision. Defendant also failed to provide a proper explanation as to why additional time was needed for the investigation. Defendant failed to provide any explanation of their partial denial and partial payment. Defendant has refused to provide any evidence for their claim denial, specifically evidence for their claim that the damages at the Property were from a subsequent storm.; and/or by

    c)  Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiff's Claim.

41.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D.    Breach Of The Duty Of Good Faith And Fair Dealing.

42.    Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

### VIII.
### KNOWLEDGE

Unofficial Copy

43.     Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

44.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

45.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

46.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.   For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

47.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, penalty interest of 18% per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.   TEX.INS.CODE §542.060.

48.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

49.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the

Unofficial Copy

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

50.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

51.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

52.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By:     /s/   Hunter M. Klein
        HUNTER M. KLEIN
        State Bar No.: 24082117
        klein@greentriallaw.com
        ROBERT D. GREEN
        State Bar No.: 08368025
        green@greentriallaw.com

---

Unofficial Copy

440 Louisiana St., Suite 1900
Houston, Texas 77002
(713) 654-9222 - Telephone
(713) 654-52155 - Fax

Unofficial Copy

FILED
4/13/2020 5:59 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Abilez

Cause Number: _____

District Court : _____

**2020CI07043**



# MARY ANGIE GARCIA
## Bexar County District Clerk

## Request for Process

Style: San Antonio Aquarium, LLC d/b/a San Antonio Aquarium  **Vs.**  Atain Specialty Insurance Company

**Request the following process:** (Please check all that Apply)

☑ **Citation** ☐ **Notice** ☐ **Temporary Restraining Order** ☐ **Notice of Application for Protective Order**
☐ **Temporary Protective Order** ☐ **Precept with hearing** ☐ **Precept with*out* a hearing** ☐ **Writ of Attachment**
☐ **Writ of Habeas Corpus** ☐ **Writ of Garnishment** ☐ **Writ of Sequestration** ☐ **Capias** ☐ **Other:** _____

**1.**
**Name:** Atain Specialty Insurance Company
**Registered Agent/By Serving:** Texas Department of Insurance, Chief Clerk Office, P.O. Box 149104, MC 112-2A, Austin, TX 78714-9104
**Address** for further forwarding to: Atain Specialty Insurance Company at 30833 Northwestern Highway, Suite 220, Farmington Hills, MI 48334-2582
**Service Type:** (Check One) ☐ *Private Process*  ☐ *Sheriff* ☑ *Commissioner of Insurance*  ☐ *SA Express News*  ☐ *Hart Beat* ☐ *Courthouse Door*
☑ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

**2.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*  ☐ *Sheriff* ☐ *Commissioner of Insurance*  ☐ *SA Express News*  ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*  ☐ *Sheriff* ☐ *Commissioner of Insurance*  ☐ *SA Express News*  ☐ *Hart Beat* ☐ *CourthouseDoor*
☐ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*  ☐ *Sheriff* ☐ *Commissioner of Insurance*  ☐ *SA Express News*  ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Constable Pct* __
*(Pct. 3 serves process countywide)*

**Title of Document/Pleading to be Attached to Process:** Plaintiff's Original Petition

**Name of Attorney/Pro se:** Hunter M. Klein          **Bar Number:** 24082117
**Address:** Green & Klein, 440 Louisiana St., Suite 1900    **Phone Number:** 713-654-9222
Houston, Texas 77002

**Attorney for Plaintiff** __XX__ **Defendant** _____ **Other** _____

****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****

FILED
4/27/2020 8:11 PM
Mary Angie Garcia
Bexar County District Clerk

Accepted By: Brenda Carrillo

Robert D. Green‡
Hunter M. Klein◊
Delaram Falsafi
John D. Wood, Of Counsel▲

---------------------------------------------
‡Board Certified Personal Injury Trial Law -
Texas Board of Legal Specialization
‡Licensed in Texas and Colorado
◊Licensed in Texas and Florida
▲Licensed in Texas and New York

green@greentriallaw.com
klein@greentriallaw.com
falsafi@greentriallaw.com
wood@greentriallaw.com

Website - www.greentriallaw.com



GREEN KLEIN

April 27, 2020

***Via E-Filing***

Mary Angie Garcia
Bexar County District Clerk
100 Dolorosa
San Antonio, Texas 78205

RE:     Cause No. 2020CI07043; *San Antonio Aquarium, LLC d/b/a San Antonio Aquarium v. Atain Specialty Insurance Company*

Dear Ms. Garcia,

Plaintiff was missing the appropriate fees for non-certified copies of Plaintiff's Original Petition previously filed. Along with this letter, Plaintiff is paying the correct service fees for 24 pages of non-certified copies which were inadvertently omitted from the original filing.

If you have questions or need additional information, please feel free to contact our office.

Sincerely,

Hunter M. Klein

HMK/ag

440 Louisiana Street   ◆   Suite 1900   ◆   Houston, Texas 77002   ◆   (713) 654-9222   ◆   (713) 654-2155

CERTIFIED MAIL #7019112000013176371Ø

Case Number: 2020-CI-07043          2020CI07043  S00001

SAN ANTONIO AQUARIUM LLC

vs.                                              IN THE DISTRICT COURT
                                                  57th JUDICIAL DISTRICT
ATAIN SPECIALTY INSURANCE COMPANY                 BEXAR COUNTY, TEXAS

(Note: Attached document may contain additional litigants).        **CITATION**

## "THE STATE OF TEXAS"

DIRECTED TO:     ATAIN SPECIALTY INSURANCE COMPANY
                 BY SERVING THE TEXAS DEPARTMENT OF INSURANCE

                 30833 NORTHWESTERN HIGHWAY 220
                 FARMINGTON HILLS MI 48334

"You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were  served this CITATION and ORIGINAL
PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL
PETITION  was filed on the 13th day of April, 2020.


ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  1ST  DAY OF May  A.D., 2020.


HUNTER M KLEIN                              **Mary Angie Garcia**
ATTORNEY FOR PLAINTIFF                                Bexar County District Clerk
440 LOUISIANA ST 1900                                101 W. Nueva, Suite 217
HOUSTON, TX 77002-1644                               San Antonio, Texas  78205

                                                     By: *Alexandra Johnson,* Deputy

---

**SAN ANTONIO AQUARIUM LLC**              Officer's Return      **Case Number: 2020-CI-07043**
**vs**                                                          **Court: 57th Judicial District Court**
**ATAIN SPECIALTY INSURANCE COMPANY**


Came to hand on the  1st day of May 2020, A.D., at  9:11 o'clock A.M. and EXECUTED (NOT
EXECUTED) by CERTIFIED MAIL, on the  _____ day of _____ 20_____,  by delivering
to:  _____ at  30833 NORTHWESTERN HIGHWAY 220
FARMINGTON HILLS MI 48334 a true copy of this Citation, upon which I endorsed that date of
delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is  _____.


                                        **Mary Angie Garcia**
                                        Clerk of the District Courts
                                        of Bexar County, TX

                                        By: *Alexandra Johnson,* Deputy


                                                          FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

FILED
5/8/2020 3:24 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Irma Torres



A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
2001 BRYAN STREET, SUITE 1800
DALLAS, TEXAS 75201

ALISA PERKINS
aperkins@qslwm.com

Phone:  (214) 880-1891
Fax:   (214) 871-2111

May 8, 2020

*VIA TEXFILE*

Bexar County District Court
Attn:  Civil Records
101 W. Nueva, Suite 217
San Antonio, Texas 78205

2020CI07043

Re:   Cause No. ~~2017-CI07043~~; *San Antonio Aquarium, LLC vs. Atain Specialty Insurance Company;* in the 57th District Court of Bexar County, Texas

Dear Clerk:

Please consider this our request for a copy of the Court's case file / docket in the above-referenced matter.

The fee associated with this request will be paid electronically. Once ready, please email (or e-serve) the documents to me at **aperkins@QSLWM.COM.**

Thank you in advance for your assistance, and please call me directly should you have any questions or need any additional information.

Sincerely,

*/s/ Alisa Perkins*

Alisa Perkins
Legal Assistant

/adp

FILED
5/22/2020 10:32 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

CAUSE NO. 2020CI07043

| | | |
|---|---|---|
| SAN ANTONIO AQUARIUM, LLC d/b/a | § | IN THE DISTRICT COURT |
| SAN ANTONIO AQUARIUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| ATAIN SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT ATAIN SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Atain Specialty Insurance Company ("**Atain**"), Defendant in the above-styled and numbered cause, and hereby answers Plaintiff San Antonio Aquarium, LLC d/b/a San Antonio Aquarium's ("**Plaintiff**") Original Petition (the "**Petition**") in this matter, and would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Atain denies each and every, all and singular, the material allegations contained in Plaintiff's Petition and demands strict proof thereof.

### II.

### AFFIRMATIVE DEFENSES

1.  **First Affirmative Defense:** Plaintiff's extra-contractual claims are barred by the applicable two-year statute of limitations pursuant to Tex. Ins. Code. § 541.162 and common law. Plaintiff's claims accrued when Atain paid Plaintiff $165,893.55 on or about August 12, 2016,

which Plaintiff now alleges was insufficient for all covered damages under the Atain Policy. Accordingly, Plaintiff's claims are barred by the two-year statute of limitations as Plaintiff did not file this lawsuit until April 13, 2020, well over two years from the date of accrual of its claims.

2.      **Second Affirmative Defense:**  On or about August 12, 2016, Plaintiff submitted a sworn proof of loss to Atain claiming $165,893.55 owed under the Atain Policy. Shortly thereafter, Atain provided Plaintiff with a check in the amount of $165,893.55, which Plaintiff accepted without reservation. Pursuant to the doctrine of accord and satisfaction, Plaintiff agreed that this amount was sufficient and acceptable, and Plaintiff is barred from now claiming otherwise.

3.      **Third Affirmative Defense:**  At all times relevant hereto, Atain acted reasonably and in good faith in its dealings with Plaintiff.

4.      **Fourth Affirmative Defense:**   Atain conducted a reasonable investigation of Plaintiff's claim.

**5.**      **Fifth Affirmative Defense:**  The Atain Policy provides coverage only for direct physical loss of or damage to Covered Property occurring during the Policy Period and caused by a Covered Cause of Loss.  *See* Atain Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, para. A.**  Atain's investigation of Plaintiff's claim determined that certain of Plaintiff's property sustained minor direct physical loss or damage during the Policy Period caused by a Covered Cause of Loss, and Atain paid Plaintiff all amounts owed under the Atain Policy for such damage.

4.      **Sixth Affirmative Defense:**  The Atain Policy excludes coverage for damage that occurred prior to inception of the policy.  *See* Atain Policy, **EXISTING DAMAGE EXCLUSION ENDORSEMENT.**  Atain's investigation of Plaintiff's claim determined that Plaintiff's property

sustained damage prior to the inception of the policy.  Such damage is not covered by the Atain Policy.

5.      **Seventh Affirmative Defense:**  The Atain Policy excludes loss or damage caused by or resulting from, among other things, wear and tear, decay, deterioration, settling and cracking.  *See* Atain Policy, **CAUSES OF LOSS – SPECIAL FORM, para. B.2.d.(1), (2), and (4)**.  Atain's investigation determined that certain claimed damage to Plaintiff's property was caused by one or more of these excluded causes.  There is no coverage for such damage to Plaintiff's property.

6.      **Eighth Affirmative Defense:**  The Atain Policy excludes loss or damage caused by or resulting from continuous or repeated seepage or leakage of water occurring over a period of 14 days or more.  *See* Atain Policy, **CAUSES OF LOSS – SPECIAL FORM, para. B.2.f**.  To the extent it is determined that claimed damage to Plaintiff's property resulted from such continuous or repeated seepage or leakage of water, there is no coverage for such damage.

7.      **Ninth Affirmative Defense:**  The Atain Policy excludes loss or damage caused by or resulting from faulty, inadequate, or defective construction, repairs, maintenance, or materials used in repair.  *See* Atain Policy, **CAUSES OF LOSS – SPECIAL FORM, para. B.3.c.(2)-(4)**.  Atain's investigation determined that certain claimed damage to Plaintiff's property was caused by one or more of these excluded causes.  There is no coverage for such damage to Plaintiff's property.

8.      **Tenth Affirmative Defense:**  The Atain Policy excludes loss or damage caused by or resulting from neglect of the insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.  *See* Atain Policy, **CAUSES OF LOSS – SPECIAL FORM, para. B.2.m**.  Upon information and belief, no steps have been taken by

Plaintiff to save and preserve its property from further damage at and after the time of loss.  There is no coverage for loss or damage under these circumstances.

9.      **Eleventh Affirmative Defense:**  The Atain Policy requires as a condition precedent to coverage that all reasonable steps be taken to protect Covered Property from further damage. *See* Atain Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, **para. E.3.a.(4)**.  Upon information and belief, no steps have been taken to protect Plaintiff's property from further damage after the time of loss.  The failure to do so negates coverage under the Atain Policy.

10.      **Twelfth Affirmative Defense:**  The Atain Policy requires that the insured provide notice of its intention to repair or replace damaged property within 180 days of loss in order to be entitled to recover replacements costs.  *See* Atain Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, para. G.3.c**.  Plaintiff did not provide notice of its intent to repair or replace damaged property within 180 days of loss.  Accordingly, Plaintiff is not entitled to recover replacement costs.

11.      **Thirteenth Affirmative Defense:**  The Atain Policy requires that replacement costs are not payable until lost or damaged property is actually repaired or replaced, and unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.  *See* Atain Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, para. G.3.d**.  To the extent it is determined that any allegedly lost or damaged property has not been repaired or replaced, or that such repairs or replacement were not made as soon as reasonably possible after the loss or damage, there is no coverage for replacement costs under the Atain Policy.

12.      **Fourteenth Affirmative Defense:**  Plaintiff was required to maintain coverage totaling at least 80% of the replacement value of its property.  *See* Atain Policy, **BUSINESS AND**

**PERSONAL PROPERTY COVERAGE FORM**, **para. F.1.**  Plaintiff failed to do so and was, therefore, underinsured.  Accordingly, any claim for replacement costs is subject to a coinsurance penalty of approximately 21.1%.

13.     **Fifteenth Affirmative Defense:**  Plaintiff was required as a condition to coverage to allow Atain to inspect Plaintiff's property and otherwise cooperate in the investigation of Plaintiff's Claim.  *See* Atain Policy, **BUSINESS AND PERSONAL PROPERTY COVERAGE FORM, paras. E.3.a.(6) and E.3.a.(8)**.  Plaintiff's failure to respond to Atain's request to inspect Plaintiff's property breached these conditions and negates any coverage under the Atain Policy.

14.     **Sixteenth Affirmative Defense:**  Plaintiff was required as a condition to coverage to allow Atain to examine a representative of Plaintiff under oath.  *See* Atain Policy, **BUSINESS AND PERSONAL PROPERTY COVERAGE FORM, para. E.3.b**.  Plaintiff's failure to respond to Atain's request to examine Plaintiff's representative under oath breached this condition and negated any coverage under the Atain Policy.

15.     **Seventeenth Affirmative Defense:**  Atain's liability, if any, may be limited, barred, or reduced to the extent other insurance contracts may respond to the alleged losses and damages claimed in this case.

16.     **Eighteenth Affirmative Defense:**  Atain, without admitting any liability and expressly denying all liability, pleads its entitlement to an offset and/or credit for any payment or other consideration received by Plaintiff from any source, including Atain, for the alleged losses and damages.

17.     To the extent any affirmative defenses pleaded herein are contradictory, mutually exclusive, or otherwise inconsistent, Atain pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

18.     Atain's liability, if any, may be limited, barred, or reduced, in whole or in part, due to additional affirmative defenses that cannot now be articulated by Atain. Accordingly, Atain reserves its right to supplement this answer and raise affirmative defenses as may become applicable upon further amplification of Plaintiff's claims and discovery of information presently unknown to Atain.

## III.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Atain Specialty Insurance Company prays that Plaintiff takes nothing by this suit, and for such other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ Michael D. Feiler*
MICHAEL D. FEILER
State Bar No. 24055475
mfeiler@qslwm.com
MATT R. PICKELMAN
State Bar No. 24013328
mpickelman@qslwm.com
JONATHAN A. LAUTIN
State Bar No. 24092669
jlautin@qslwm.com

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ATAIN SPECIALTY INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of May 2020, a true and correct copy of the above and foregoing was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.


*/s/ Jonathan A. Lautin*
JONATHAN A. LAUTIN