# Exhibit A

Robert D. Green‡
Hunter M. Klein◊
Delaram Falsafi
John D. Wood, Of Counsel▲

----------------------------------------
‡Board Certified Personal Injury Trial Law -
Texas Board of Legal Specialization
‡Licensed in Texas and Colorado
◊Licensed in Texas and Florida
▲Licensed in Texas and New York

green@greentriallaw.com
klein@greentriallaw.com
falsafi@greentriallaw.com
wood@greentriallaw.com

Website - www.greentriallaw.com



# GREEN KLEIN

February 10, 2020

*Via e-mail to: dmszaflarski@minutemanadjusters.com*
*and CMRRR*
Attain Specialty Insurance Company
c/o Dawn Szaflarski
Minuteman Adjusters
114 Bear Creek Dr.
New Braunfels, Texas 78132

RECEIVED
FEB 13 2020
BY: _____

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334

    RE:    **Claim No.:**    **955195**
            **Policy No.:**    **CIP253601**
            **Insured:**    **San Antonio Aquarium**
            **Date of Loss:**    **On or about April 12, 2016**
            **Property:**    **6320 E. Bandera Road, San Antonio, Texas 78238**

Dear Ms. Szaflarski,

      This letter is being sent pursuant to TEX. INS. CODE § 542A.003 to put you on notice of your insured's claim with regards to your handling of Claim Number 955195. Please also consider this notice of your insured's, San Antonio Aquarium, claims pursuant to Texas Business and Commerce Code § 17.41, *et seq*. The following facts are material to our discussion and evidence of Attain Specialty Insurance Company's ("Attain") liability to your insured for the unpaid claim amounts and breach of the policy. It is also in response to your letter dated February 4, 2020 wherein you flatly, and without legal basis, refused your insured's reasonable requests for information.

## I.    Material Facts

      The underlying facts of this matter appear to be largely undisputed. On or about April 12, 2016, San Antonio Aquarium's property at 6320 E. Bandera Road, San Antonio, Texas 78238 (the "Property") was severely damaged by a storm (the "Storm"). San Antonio Aquarium made a timely claim for the storm that damaged the Property. The Property was insured by you under policy number CIP253601 (the "Policy"). After you received notice of the claim you assigned claim number 955195 (the "Claim") and began your investigation.

Your investigation of the Claim was improper and inadequate. You retained an adjuster with NCA Group ("NCA") to assist you in the investigation. The adjuster with NCA overlooked numerous areas of covered losses which led to the gross undervaluation of the Claim. Specifically, your adjuster omitted numerous areas of actual damages in order to undermine the loss and avoid full payment as owed under the Policy.

On approximately August 4, 2016, you issued a payment letter to San Antonio Aquarium in the amount of $165,893.55, based off the estimate from NCA. Your letter failed to include a proper explanation of the reasons for your payment and partial denial of the Claim. The amount you paid on this Claim did not take into account the full extent of covered losses at the Property. To date, you have refused to make full payment on the Claim as owed under the Policy, constituting a breach of policy.

The denial and/or underpayment of San Antonio Aquarium's Claim was based on your improper investigation. The damages were, or should have been, aware to you from the outset of your investigation but were ignored in order to avoid full payment as owed under the Policy.

San Antonio Aquarium has fulfilled all duties required of it pursuant to the terms of the policy. Please advise me immediately if it is your position that San Antonio Aquarium has failed to comply with any requirements under the policy for the Claim.

Based on the above, Attain has failed to comply with the policy, the Texas Insurance Code, and Texas Law in handling the claim, and has failed to pay all amounts due and owing under the policy for the claim. Attain and their representatives failed to perform a thorough investigation of San Antonio Aquarium's claim, failed to employ appropriate or qualified consultants to evaluate the damages, delayed resolution of the claim under Texas law, and misrepresented applicable scopes of damages as well as the terms of the policy. Adjusters employed by Attain violated the law through their own acts and omissions in the handling of the claim. Because of these violations of law and wrongful conduct, San Antonio Aquarium has sustained and continues to sustain significant damages, including but not limited to property damage, diminution of property value, attorney's fees, financial harm, and other consequential damages. Accordingly, San Antonio Aquarium's request payment for damages to the Property pursuant to the terms and conditions of the Policy. San Antonio Aquarium also requests payment for its attorneys' fees to date.

The law requires me to put you on written notice of our claim before we file suit. The reason for that notice is for you to know exactly what we are claiming and to give you a chance to reconsider your position and do the right thing by your insured. By law, you are given 60 days to do so. During that 60 days, we would like to try to mediate this claim with you either formally or informally. We have already given you all of the information you have previously requested, however, if you need more information from us that has not already been requested, then please let us know.

We also appreciate that in response to our letter of representation, requesting such simple documents as the policy, any estimates or correspondence, you flatly refused to provide your insured with anything. This flat refusal is simply indicative of the unreasonable manner in which this claim was handled from the outset.

## II.     Amount Owed for the Claims

Based upon the information contained herein, the facts and circumstances relating to the claim, and the terms and conditions of the Policy, Attain should have paid San Antonio Aquarium $1,098,106.45 for the Claim, calculated as follows:

| | |
|---|---|
| Repair costs: | $ 1,300,000.00 |
| Prior Payments: | ($165,893.55) |
| Deductible: | ($36,000.00) |
| **Total:** | **$ 1,098,106.45** |

We have specifically excluded an amount for recoverable depreciation from this calculation because Attain' actions have detrimentally impacted, if not completely precluded, San Antonio Aquarium's right to obtain recoverable depreciation under the terms of the policy. Accordingly based on the precedent contained in the recent Texas Supreme Court decision in *USAA Texas Lloyds Company v. Menchaca*, 61 Tex. Sup Ct. J. 743, 2018 WL 1866041 (Tex. April 13, 2018) San Antonio Aquarium is owed payment on this claim without deduction for depreciation.

In compliance with the requirements of TEX. INS. CODE § 542A.003(b), San Antonio Aquarium asserts that the specific amount owed by the insurer on its Claims is $1,000,000.00. San Antonio Aquarium recognizes the significant expense of protracted litigation and the value of resolving this claim now so that permanent repairs may be made as soon as possible. Accordingly, *this figure represents San Antonio Aquarium's sincere desire to reach a resolution within the next sixty (60) days*. However, should you and Attain continue to lowball and delay, forcing San Antonio Aquarium into litigation, you should expect that any settlement demands in the future will be markedly higher because of the additional statutory interest/attorneys' fees that will continue to accrue under Texas law.

This letter represents our best current position as to what you owe for the claim. As you know, it is the carrier's duty to properly investigate and evaluate the amount of the loss. The figures given here are based upon the analysis done to date and subject to substantial supplement once suit has been filed.

## III.    Claim for Reasonable and Necessary Attorney's fees

San Antonio Aquarium seeks reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code § 38.001 due to Attain' breach of the insurance policy with San Antonio Aquarium. Presently, San Antonio Aquarium has incurred $5,500.00 in reasonable and necessary attorney's fees related to my law firm's work on San Antonio Aquarium's claims. Contemporaneous time records relating to our client's attorney's fees related to the Claim have been maintained as required by TEX. INS. CODE § 542A.001. Further, to the extent necessary, please also consider this letter presentment of my client's claim for attorney's fees pursuant to the TEX. CIV. PRAC. & REM. CODE §38.001, *et seq*.

## IV.     Appraisal

Texas law provides that a party seeking to invoke appraisal must do so within a reasonable time after the parties reach an impasse. In this communication, I have endeavored to provide a detailed assessment of San Antonio Aquarium's claim, so that you can decide whether we are at an impasse. Should Attain wish to have a productive discussion toward settlement, I will not contend that good faith settlement discussions result in a waiver of any contractual right to appraisal. However, in the event Attain chooses not to respond to this notice letter, I will conclude that the parties have reached an impasse and will file a lawsuit to enforce San Antonio Aquarium's rights under the Policy and Texas law. I ask that you exercise any appraisal rights under the policy immediately, and avoid the abusive practice of delaying the invocation of appraisal until after a mediation, following negative developments in discovery, or to avoid a trial setting. This type of gamesmanship is improper and drives up costs for all parties. Accordingly, if Attain seek to invoke the appraisal process, it should do so not later than sixty (60) days after receipt of this notice letter.

### V.   Conclusion

I have made my best efforts to evaluate this claim with the information currently available to me, in spite of your total refusal to cooperate with our investigation of this claim and refusal to supply us with even the most basic information regarding your evaluation of this claim.

If you contend the information in this letter is inaccurate, or that some policy provision has not been complied with, please notify me immediately of any issue and I will carefully consider the information provided. As required by the Texas Insurance Code, a copy of this notice letter has been provided to San Antonio Aquarium. If San Antonio Aquarium's good faith request for insurance proceeds it is due under the claim is not paid within sixty (60) days from your receipt of this correspondence, I will seek to recover all damages available to San Antonio Aquarium including but not limited to, contractual damages, consequential damages, attorneys' fees, statutory interest, court costs, and exemplary damages.

That said, San Antonio Aquarium welcomes the opportunity to settle this claim before litigation becomes necessary.

Very truly yours,

Hunter M. Klein

HMK
Enclosure

CC: San Antonio Aquarium