# Exhibit B



220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com

*VIA email ([klein@greentriallaw.com](klein@greentriallaw.com)) and CMRRR*

February 27, 2020

Mr. Hunter M. Klein
Green Klein
440 Louisiana St., Ste. 1900
Houston, TX 77002

Re:  Insured:            San Antonio Aquarium (the "Insured")
     Claim Number:       955195
     Policy Number:      CIP253601
     Date of Loss:       4/12/2016
     Loss Location:      6320 E. Bandera Road
     Policy Period:      9/1/2015 to 9/1/2016
     IA Company:         NCA Group

Dear Mr. Klein,

We write to you as the claim administrator under the authority and direction of your client's insurer, Atain Specialty Insurance Company (Atain), and I am writing in response to your letter of February 10, 2020. In that correspondence, you indicate your client intends to sue Atain and the independent adjuster who inspected the Property and assisted with Atain's investigation of this claim.

As a preliminary matter, it is important to note that your prior request for information was superfluous, as your client has all of the information requested, with exception of the claim notes, which Atain has no obligation to produce.

That said, Atain disagrees in the strongest possible terms with your baseless contentions that it or its independent adjuster or other consultants "omitted numerous areas of actual damages in order to undermine the loss and avoid full payment as owed under the Policy," failed to perform a thorough investigation, or "misrepresented" the scope of damage or the Policy. To the contrary, upon receiving the Insured's first notice of loss, which was submitted a month after the claimed date of loss, Atain promptly hired independent adjuster Demian Kolb of NCA Group (now Worley) to inspect the Property and assist with Atain's investigation. Mr. Kolb immediately contacted the Insured, who requested he communicate with Richard Tieheli of Commercial Heights Roofing, the Insured's roofing contractor.

On May 24, 2016, Mr. Kolb inspected the Property with Mr. Tieheli and observed both new and old hail damage to the roof and to the rooftop HVAC units. Mr. Kolb also observed water damage to a ceiling tile in the covered walkway and interior water

damage to the ceilings of some rooms in the Property, to the carpet in the gift shop, and a small area of damage to the wall in the dinosaur room.

Thereafter, Mr. Kolb and Jose Neri, also of Commercial Heights Roofing, worked together and reached agreement as to the scope and cost of repairs for the damage at the Property, totaling $271,620.01 (RCV), which after applying the $36,000 Policy Deductible and depreciation, resulted in an actual cash value amount of $165.893.55.

On August 12, 2016, the Insured executed a Sworn Statement in Proof of Loss reflecting the above amounts, and Atain paid the Insured $165,893.55. Contrary to your correspondence, no portion of the claim was denied and no damage was "overlooked" or "omitted."

Neither our office, nor Atain, heard anything further regarding this Claim for over three years, until your November 2019 letter.

Against this background, the following Policy provisions apply to the Insured's Claim:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

    **3. Duties In The Event Of Loss Or Damage**

        a. You must see that the following are done in the event of loss or damage to Covered Property:

(1) Notify the police if a law may have been broken.
(2) Give us prompt notice of the loss or damage. Include a description of the property involved.
(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com



    (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

    (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

    (8) Cooperate with us in the investigation or settlement of the claim.

  **b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

**4. Loss Payment**

  **a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

    (1) Pay the value of lost or damaged property;

    (2) Pay the cost of repairing or replacing the lost or damaged property, subject to b. below;

    (3) Take all or any part of the property at an agreed or appraised value; or

    (4) Repair, rebuild or replace the property with other property of like kind and quality, subject to b. below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

  **b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

  **c.** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

. . . .

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com

Case 5:20-cv-00646-JKP-RBF    Document 3-2    Filed 06/16/20    Page 5 of 10


    **f.** We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

        **(1)** We have reached agreement with you on the amount of loss; or

        **(2)** An appraisal award has been made

***

**7. Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

    **a.** At actual cash value as of the time of loss or damage, except as provided in **b.**, **c.**, **d.** and **e.** below.

    **b.** If the Limit of Insurance for Building satisfies the Additional Condition, Coinsurance, and the cost to repair or replace the dam-aged building property is $2,500 or less, we will pay the cost of building repairs or replacement.

The cost of building repairs or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property. However, the following property will be valued at the actual cash value even when attached to the building:

    **(1)** Awnings or floor coverings;

    **(2)** Appliances for refrigerating, ventilating, cooking, dishwashing or laundering; or

    **(3)** Outdoor equipment or furniture.

**F. Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

    **1. Coinsurance**

    If a Coinsurance percentage is shown in the Declarations, the following condition applies.

        **a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com

Instead, we will determine the most we will pay using the following steps:

(1) Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

(2) Divide the Limit of Insurance of the property by the figure determined in Step (1);

(3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and

(4) Subtract the deductible from the figure determined in Step (3).

We will pay the amount determined in Step (4) or the limit of insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

\*\*\*

G.  **Optional Coverages**

If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.

\*\*\*

**3. Replacement Cost**

a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition, Valuation, of this Coverage Form.

. . . .

c. You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.

d. We will not pay on a replacement cost basis for any loss or damage:

(1) Until the lost or damaged property is actually repaired or replaced; and

(2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

e. We will not pay more for loss or damage on a replacement cost basis than the least of **(1)**, **(2)** or **(3)**, subject to f. below:

(1) The Limit of Insurance applicable to the lost or damaged property;

(2) The cost to replace the lost or damaged property with other property:

(a) Of comparable material and quality; and



220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com

    **(b)** Used for the same purpose; or

    **(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

    If a building is rebuilt at a new premises, the cost described in **e.(2)** above is limited to the cost which would have been incurred if the building had been rebuilt at the original premises.

    **f.** The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

***

As discussed above, Atain's claim investigation revealed both new and old hail damage to the roof of the Property. Atain's independent adjuster, working with the Insured's chosen roofing contractor, reached an agreement regarding the scope and cost of repairs for the hail damage to the roof of the Property, along with interior water damage, and Atain paid the Insured the entire ACV amount of the loss.

With regard to replacement costs, the Insured did not notify Atain within 180-days after the loss that it intended to repair or replace any lost or damaged property, and as far as Atain knows the Insured has never made any repairs or replacements to any allegedly damaged property. As a result, the Insured is limited to the ACV amount that Atain has already paid. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, **G.3.c.** and **d.**

In addition, pursuant to the Coinsurance provisions of the Policy, the Insured was required to maintain coverage in an amount equal to at least 80% of the replacement value of the Property. The Policy limit for the building is $1,800,000, and Atain's independent adjuster obtained a valuation report indicating that the replacement value of the Property is $2,850,740.62. As a result, the Property is underinsured and a coinsurance penalty would apply to any claim for replacement costs.

**Request for Information, Records, and Examination Under Oath**

Turning back to your February 10, 2020 letter, it was not until more than three years after Atain paid the Insured the entire ACV, based on the agreement as to scope and cost with the Insured's roofing contractor, that your office claims that there was damage in the amount of $1,300,000 to the property. Of course, you have provided no information or documentation whatsoever to support this amount. Accordingly, your "notice" is deficient in that it does not properly identify the amount and ways in which Atain did not properly pay the claim.

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com

Pursuant to the Loss Conditions above, Atain requests that the Insured provide the following pertaining to this Claim and your demand:

1. All records, including but not limited to, proposals, bids, invoices, purchase orders, proofs of payment, financial records, lien releases, permits, and inspection reports evidencing any repairs made to the Property for damage allegedly caused by or resulting from the April 12, 2016 hailstorm.

2. All photographs of the Property that evidence any damage allegedly caused by or resulting from the April 12, 2016 hailstorm.

3. All records forming the basis of your demand in the amount of $1,300,000.

4. Any internal communications of your client pertaining to the April 12, 2016 hailstorm and any loss or damage allegedly caused thereby or resulting therefrom.

5. Any communications between your client and any contractor, consultant, engineer, appraiser, or adjuster pertaining to the April 12, 2016 hailstorm and any loss or damage allegedly caused thereby or resulting therefrom.

Once these records are provided to Atain, we will have counsel contact you to arrange a date and time to examine a representative of your client under oath, as provided by the above Loss Conditions of the Policy.

**Chapter 542A.004**

In addition, pursuant to Texas Insurance Code Chapter 542A.004, Atain requests an inspection of the Property with its independent adjuster and an engineer. Please provide us with several dates in March and/or early-April 2020 when your client will make the Property available for this inspection.

**Chapter 542A.006**

Your unsupported allegations are directed not only at Atain, but also at Mr. Kolb and NCA Group. The Texas Insurance Code provides that Atain may elect to accept the liability of an agent by providing written notice to the claimant under Section 542A.006. This section of the statute allows an insurance company to protect its agents or employees from being wrongfully sued by electing to accept liability for their actions. While NCA Group and Mr. Kolb did absolutely nothing wrong, the only way to ensure they cannot be sued for performing their jobs is to accept any liability on their behalf. Pursuant to Section 542A.006(b), Atain therefore elects to accept any liability for any alleged acts or omissions relating to this Claim by its employees and the employees of Minuteman Adjusters, as well as Mr. Demian Kolb and NCA Group (now Worley).

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com



## RESERVATION OF RIGHTS

Atain reserves any and all rights to further limit or deny coverage under the Policy. Atain reserves the right to supplement the foregoing coverage position in the event additional information is developed or disclosed. Atain also reserves the right to assert policy positions and defenses not discussed herein which may be discovered to be applicable. Nothing that Atain or their representatives have done to date, nor any of the contents of this letter, shall be construed as an admission by Atain of coverage or as a waiver of Atain's right to insist upon full compliance with the Policy's terms and conditions. No waiver of the right to assert additional positions or defenses is intended and such waiver is expressly denied.

If you believe that there are documents and information relevant to this Claim that Atain has not considered, please provide those documents and information to the undersigned for Atain's consideration.

Very truly yours,

Michael D. Spinazzola, Esq.
**Minuteman Adjusters**
Direct Dial: (248)538-5072
mdspinazzola@minutemanadjusters.com

Reply   Reply All   Forward   IM

Thu 2/27/2020 9:47 AM

**Spinazzola, Mike**

Clm#955195 - San Antonio Aquarium

To: klein@greentriallaw.com
Bcc: Michael Feiler

This message was sent with High importance.

📎 995195 - San Antonio Aquarium.pdf
   168 KB

Mr. Klein,

Please find attached Atain Specialty Insurance Company's response to your 542A letter.

**Mike Spinazzola, ESQ**
*Director, Minuteman Adjusters*

MINUTEMAN ADJUSTERS
30833 Northwestern Hwy | Farmington Hills, MI 48334
T: 248.626.3654 | V: 7.40.5006
mdspinazzola@minutemanadjusters.com | www.minutemanadjusters.com